# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LaTONYA DONALD,<br><br>                Plaintiff,<br><br>    v.<br><br>PORTILLO'S HOT DOGS, INC.,<br><br>                Defendant. | Case No. 09 C 7436<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Bill of Costs. For the reasons stated herein, the Court taxes $5,281.55 against Plaintiff in favor of Defendant.

## I. BACKGROUND

Plaintiff LaTonya Donald brought this action against her employer, Defendant Portillo's Hot Dogs, Inc., to remedy alleged racial and gender discrimination, among other charges. The facts of the case are presented in detail in this Court's summary judgment opinion, ECF No. 102 at 1-5, and will not be repeated here, except as necessary to explain the issues in the bill of costs. The summary judgment opinion granted summary judgment in favor of Defendant on some but not all counts. Thereafter, Plaintiff failed to appear at a scheduled status hearing despite a court order requiring her to do so, and the case was dismissed for want of prosecution. ECF Nos. 110, 111. Defendant has filed

its bill of costs, accompanied by an affidavit and an itemized list of costs, but no supporting memorandum. Plaintiff has not responded.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that a prevailing party should be able to recover its costs, other than attorneys' fees, from the other party. FED. R. CIV. P. 54(d)(1). The Court "must determine that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Weihaupt v. Am. Med. Ass'n,* 874 F.2d 419, 430 (7th Cir. 1989). This rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006).

## III.  ANALYSIS

Defendant seeks three categories of costs:  (1) copying costs, (2) deposition costs, and (3) "other" costs.

### A.  COPYING COSTS

Defendant requests $6,364.70 for copying costs. Such costs are recoverable under 28 U.S.C. § 1920(4). Defendant asserts that these costs were incurred "in connection with case pleadings, other filings, document productions, depositions, and other necessary tasks." ECF No. 112-1 at 1. Then, in a chart,

Defendant lists the date (the last date of each month), copies charged on that date (for copies made in that month), total costs of those copies, and a reference to a supporting exhibit. Defendant then provides as exhibits more than fifty pages of heavily redacted invoices. The invoices do not indicate which documents were copied, and the only information still visible is the same as that provided in the chart (the amount and the date). This documentation is painfully deficient. The Court has no way to assess what documents were copied and the cost charged per page. Because the Court cannot determine that the costs are reasonable in amount and necessary to the litigation, the Court cannot tax these costs.

## B.   DEPOSITION COSTS

Defendant seeks reimbursement of $11,367.95 for costs "incurred in relation to depositions taken in the case." ECF No. 112-1 at 2. Court reporter appearance and transcription fees are recoverable pursuant to Local Rule 54.1(b), as long as the rates conform to the rates established by the Judicial Conference of the United States. Currently, the maximum per-page rate for original transcripts is $3.65. Even though court reporter fees are not specifically mentioned in the statute that allows for taxing costs, court reporter fees fall into the category of fees for obtaining transcripts. *Held v. Held,* 137 F.3d 998, 1002 (7th Cir. 1998). Local Rule 54.1 allows the Court to tax court

reporter attendance fees up to $220 for a full day, in addition to the per page limit for transcripts. Generally, other costs associated with depositions, such as exhibit costs, are not recoverable. *Fait v. Hummel,* No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002) (explaining that courts should not award "costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case").

Defendant's supporting documentation for the first day of Plaintiff's deposition shows that the costs break down as follows: $375.00 for a notary public attendance fee, $1,316.70 for the transcript (266 pages at $4.95 per page), $39.15 for online exhibits, and $17.00 for "exhibit number bookmarks." Given the preceding description of which types of costs are recoverable, and the maximum amounts for those costs, the problems with Defendant's request are glaring. The $4.95 charged per page exceeds the maximum rate of $3.65. The attendance fee exceeds the maximum fee of $220 per day. The exhibit costs are not recoverable. Therefore, for the first day of Plaintiff's deposition, the Court taxes $220.00 for the notary public attendance and $3.65 per page for 266 pages, which comes to $1,190.90.

For the second day of Plaintiff's deposition, the Court reduces the amount requested to conform to the maximum allowable rates. As with the first day, the Court taxes $220.00 for the

reporter attendance fees up to $220 for a full day, in addition to the per page limit for transcripts. Generally, other costs associated with depositions, such as exhibit costs, are not recoverable. *Fait v. Hummel,* No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002) (explaining that courts should not award "costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case").

Defendant's supporting documentation for the first day of Plaintiff's deposition shows that the costs break down as follows: $375.00 for a notary public attendance fee, $1,316.70 for the transcript (266 pages at $4.95 per page), $39.15 for online exhibits, and $17.00 for "exhibit number bookmarks." Given the preceding description of which types of costs are recoverable, and the maximum amounts for those costs, the problems with Defendant's request are glaring. The $4.95 charged per page exceeds the maximum rate of $3.65. The attendance fee exceeds the maximum fee of $220 per day. The exhibit costs are not recoverable. Therefore, for the first day of Plaintiff's deposition, the Court taxes $220.00 for the notary public attendance and $3.65 per page for 266 pages, which comes to $1,190.90.

For the second day of Plaintiff's deposition, the Court reduces the amount requested to conform to the maximum allowable rates. As with the first day, the Court taxes $220.00 for the

notary public attendance fee and $3.65 per page for 300 pages, for a total of $1,315.00.

Defendant seeks costs related to seven other depositions. Because there is no accompanying memorandum, the Court is left to its own devices to determine whether these depositions were necessary to the litigation. It is clear from the Court's summary judgment opinion that deponents Sharon Maloney, Armando Moreno Vargas, and Brian Joseph Logsdon supervised Plaintiff's work at Defendant's restaurant. Given that this case involved alleged workplace discrimination, the Court has little difficulty concluding that those depositions were necessary. However, Vargas was deposed twice, for a full day each time. No explanation is given for why the second day of testimony was necessary. For deponents Tina Mihalik, Melissa Johnson, and Maureen Allie, none of whom appear in the Court's summary judgment opinion, the Court declines to scour the record for any hint of whether their testimony was necessary to this case. Defendant has not met its burden of establishing that these requested costs were reasonable and necessary to the litigation. *Trustees of Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.,* 570 F.3d 890, 906 (7th Cir. 2009) ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable."). Thus the Court will tax costs for the Maloney, Logsdon, and first

Vargas depositions, but not for the Mihalik, Johnson, Allie, and second Vargas depositions.

The rate charged for the Maloney deposition is less than the maximum rate, so the Court taxes $824.55, the full amount requested, for that deposition. But for the Logsdon deposition and the first Vargas deposition, Defendant has again requested reimbursement for amounts exceeding the maximum allowed. Following the formula used above for Plaintiff's deposition, the Court will tax $1,055.85 for the first Vargas deposition and $895.25 for the Logsdon deposition. Thus, including the amounts for Plaintiffs depositions, the Court taxes $5,281.55 against Plaintiff in favor of Defendant for deposition costs.

### C. OTHER COSTS

Defendant asks for a total of $2,661.96 for a category labeled "other costs." Many of the costs are for "Messenger Service Fee for Delivery of Client Documents to [counsel]." ECF No. 112-1 at 3-5. Costs in this category also include those incurred for "Document Hosting with Web-Based Summation Review Service" and "Payment for Photocopies of Legal Documents."

The Court can tax only those costs that are enumerated in 28 U.S.C. § 1920, the federal cost-shifting statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). It is not clear which subsection of § 1920 is supposed to be the vehicle for Defendant to recover costs of document hosting and

delivery of client documents to counsel. Defendant asserts merely that these costs "were incurred in relation to other tasks for which costs may be recovered." ECF No. 112-1 at 3. That assertion is of little help because it does not offer a reason why these costs may be taxed. For the copying costs, there is no reference to what documents were copied, and thus the Court has no way to know if the copying was necessary to this litigation. In addition, because the bill of costs has a separate category for copying costs, there is a risk that unidentified costs might be duplicative. For any other costs in this section, the Court declines to dissect the requested costs line by line to determine which of them may be recoverable. Thus, none of the "other costs" are recoverable.

## IV. CONCLUSION

For the reasons stated herein, the Court taxes the sum of $5,281.55 against Plaintiff in favor of Defendant.

**IT IS SO ORDERED.**

                              Harry D. Leinenweber, Judge
                              United States District Court

Date: April 24, 2014